*671
SUMMARY ORDER

John Doe appeals from an order of the District Court for the District of Connecticut (Eginton, J.) granting summary judgment in favor of defendants-appellees. We assume the parties’ familiarity with the underlying facts, the procedural history, and the issues presented for review.
The district court had subject matter jurisdiction over this matter through diversity jurisdiction under 28 U.S.C. § 1331. This Court has appellate jurisdiction over the district court’s summary judgment ruling pursuant to 28 U.S.C. § 1291. The case is properly decided under Connecticut state law.
Both parties acknowledge that a negligence claim cannot survive if the defendant had no legal duty to protect the plaintiff from the type of harm suffered. Jaworski v. Kiernan, 241 Conn. 399, 696 A.2d 332 (1997). Whether a legal duty exists is a legal question that a court can decide at summary judgment. Gomes v. Commercial Union Ins. Co., 258 Conn. 603, 614, 783 A.2d 462 (2001). The existence of a legal duty depends upon a two prong analysis that examines 1) the foreseeability of the harm and 2) public policy. Monk v. Temple George Assocs., LLC, 273 Conn. 108, 114, 869 A.2d 179 (2005).
Connecticut has adopted the Restatement (Second) of Torts § 317, which provides that an employer has a duty to control off-duty employees only when the tort occurs on premises in possession of the master or on grounds the employee entered as a servant (neither of which apply here), or when the employee uses the chattel of the employer. Murdock v. Croughwell, 268 Conn. 559, 569-70, 848 A.2d 363 (2004). The Restatement, as well as underlying Connecticut law on duty, further requires that the type of harm also be foreseeable. Id., Jaworski, 241 Conn, at 406, 696 A.2d 332 (foreseeability is determined by “whether a reasonable person in the defendant’s position, knowing what he knew or should have known, would have anticipated the harm that resulted from his actions”).
The district court correctly granted summary judgment to defendant-appellees on all counts. Doe v. Fed. Express Corp., 571 F.Supp.2d 330, 334 (D.Conn.2008). As the district court ruled, the employee, Paul Sykes, did not use the chattels of the employer to commit the tort and the harm suffered was not foreseeable. Doe, 571 F.Supp.2d at 333-34. The chattels allegedly used by Sykes, a FedEx Kinko’s uniform, the office telephone, and the company’s goodwill, were not directly used to commit the sexual abuse. Mrs. Doe correctly understood that Sykes’s computer repair business was separate from FedEx Kinko’s when she engaged him to work at her home. Whatever goodwill his association with FedEx Kinko’s initially represented could not have been the reason that Mrs. Doe left him in charge of her minor children without supervision: she had known Sykes for more than half a year, had had him working at her home approximately 10-20 times, and had invited him back to their home after he swam naked in the family pool with one of her minor sons. This long social relationship between the Doe family and Sykes — and the harm that resulted from that relationship — was not foreseeable to the defendant.
Since the employer’s chattels were incidental to the tort and the harm was not foreseeable, the defendant had no legal duty to protect the plaintiff. Therefore, the district court’s ruling granting summary judgment to the defendant is affirmed.